UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

JAMES KENDRICK,

                     Defendant.

Case # 10-CR-6096-FPG

DECISION AND ORDER

**ORDER**

On April 22, 2021, Defendant James Kendrick filed a Letter requesting that the Court order various governmental entities, including, the Department of Justice, the United States' Attorney's Office for the Western District of New York, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco, Firearms and Explosives, and various individuals, to maintain and preserve all correspondence that Defendant referenced in his Supplemental Rule 33 Motion, ECF No. 1185. *See* ECF No. 1231. Defendant does not suggest that the Government has not complied with its obligations to maintain documents relevant to this action thus far.

Nevertheless, the Court directs the Government to ensure these documents are preserved until the Defendant has exhausted all potentially available post-conviction relief.

On April 22, 2021, Defendant Kendrick also filed a Letter requesting that the Court provide him with CJA funding to pay for investigative services to investigate "all relevant leads that pertain to the Government's withholding of exculpatory and favorable evidence." ECF No. 1232. He states that due to his incarceration he cannot perform various investigative tasks, such as "go[ing] to the District Court Clerk's office in Buffalo, N.Y.," questioning prospective witnesses in

preparation for potential hearings, or "discern[ing] the Title of the case" from the redacted documents.  *See id.*

"[T]o obtain CJA Funding, a defendant 'must do more than allege that [the requested] services would be helpful;' rather, he 'must convince the court that the requested services are necessary to an adequate defense.'"  *United States v. Robinson*, 16-CR-545, 2021 WL 62076, at *15 (E.D.N.Y. Jan. 6, 2021) (quoting *United States v. Clark*, 717 F.3d 790, 811 (10th Cir. 2013)); *see also United States v. Sanchez*, 912 F.2d 18, 22 (2d Cir. 1990) ("[A] defendant requesting public funds pursuant to § 3006A(e) has the burden of satisfying the district court that the services are reasonably necessary, [and] he must articulate a reasonable basis for the requested services.").  The district court is obligated to exercise its discretion in determining whether funds are necessary. *United States v. Salameh*, 152 F.3d 88, 118 (2d Cir. 1998).

Defendant made no showing here that additional resources are necessary to pursue his Rule 33 motion.  As such, this request is DENIED.

IT IS SO ORDERED.

Dated:  April 23, 2021
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court